IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **QUINCY BIOSCIENCE, LLC**<br><br>    **PLAINTIFF**<br><br>vs.<br><br>**ADVANCED VITES and DOES 1-5**<br><br>    **DEFENDANTS** | Case No. 1:17-cv-2541<br><br>**JURY REQUESTED** |

### COMPLAINT FOR TRADEMARK INFRINGEMENT AND RELATED CLAIMS

This is a suit by Plaintiff Quincy Bioscience, LLC ("Quincy") against Defendants Advanced Vites ("Advanced Vites") and unknown Does for damages and injunctive relief arising out of Defendant's misappropriation and use of Plaintiff's PREVAGEN® trademark. As set forth below, Defendant's unlawful acts constitute trademark infringement, unfair competition, dilution under Illinois state law and deceptive conduct under the Illinois Uniform Trade Practices Act.

### PARTIES

1. Plaintiff USA Quincy Bioscience, LLC ("Quincy") is a Wisconsin corporation with an address at 726 Heartland Trail, Suite 300, Madison, Wisconsin, 53717.

2. Defendant Advanced Vites ("Advanced Vites") is a business entity or individual using the seller identification "Advanced Vites" on the Internet marketplace website amazon.com. Upon information and belief, Advanced Vites is located at 1696 E Torrey Pines Circle, Draper, UT 84020.

3. Defendants Does 1-5 are sued here under fictitious names because their true names and capacities are unknown to Plaintiff at this time. Upon information and belief, the

Does are or have been affiliated with Advanced Vites in connection with the matters alleged in this complaint, acting in concert and active participation with Advanced Vites in committing the wrongful acts alleged herein.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over the federal trademark and unfair competition claims asserted in this action pursuant to 28 U.S.C. §§ 1331 and 1338, and 15 U.S.C. § 1121.

5. This Court has supplemental jurisdiction over the claims in this Complaint which arise under state statute and the common law of the State of Illinois pursuant to 28 U.S.C. § 1367(a), because the state law claims are so related to the federal claims that they form part of the same case or controversy and derive from a common nucleus of operative facts.

6. Defendant is subject to this Court's jurisdiction because it regularly conducts business in this District, it has committed the acts complained of herein in this District, and its acts have caused harm in this District.

7. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) and 1391(c), and Defendant is doing business in the Northern District of Illinois by, among other things, selling its products within this District.

## FACTUAL BACKGROUND

8. This action arises from Defendants' unlawful use of Plaintiff's PREVAGEN® trademark.

9. Quincy is a research-based biotechnology company which develops, markets and sells dietary supplements used for, *inter alia*, the support of cognitive function. Since at least as early as 2007, Quincy has used the trademark PREVAGEN® in commerce in connection to dietary supplements.

10. Quincy's high-quality dietary supplements, including its PREVAGEN® line of dietary supplements, are widely available for retail purchase in brick and mortar stores throughout the United States. Quincy's PREVAGEN® supplements are also widely marketed and distributed by way of various Internet websites.

11. Quincy owns all rights to U.S. Trademark Registration No. 3,349,744 for the PREVAGEN® mark, which is used in connection with "dietary supplements" in International Class 005 and United States Classes 006, 018, 044, 046, 051, and 052. The PREVAGEN® mark was registered on December 4, 2007. By virtue of Quincy's long and continuous use of its mark, the foregoing trademark registration is now legally incontestable pursuant to 15 U.S.C § 1065. A copy of U.S. Trademark Registration No. 3,349,744 is attached hereto as Exhibit A.

12. The use by Quincy of its distinctive PREVAGEN® mark for its quality nutritional supplement product has led Quincy to acquire valuable goodwill and name-recognition within the dietary supplement industry.

13. Quincy's PREVAGEN® product is sold packaged in a single facing box, which contains a bottle of dietary supplements sealed with a plastic safety overwrap and a product information sheet. Both the box and the sheet contain valuable information regarding the product which is not present on the bottle label, including information on the use of the product, answers to frequently asked questions about the product, and a toll-free number for contacting Quincy.

14. Quincy offers a money-back guarantee to purchasers of genuine PREVAGEN® products, which does not extend to purchases from unauthorized sellers of PREVAGEN® products not containing the front facing box packaging, product information sheet, and the information provided therein.

15. Defendant Advanced Vites sells dietary supplements to customers in the United States and abroad on the internet website amazon.com under the seller ID "Advanced Vites," including dietary supplements identified as PREVAGEN® and picturing bottles of Plaintiff's PREVAGEN® products such as Plaintiff's PREVAGEN® Extra Strength product.

16. Defendant Advanced Vites has delivered "PREVAGEN®" products to consumers without single facing box packaging or a product information sheet.

17. Does 1-5 are believed to have acted in concert and in active participation with Advanced Vites in the sale and delivery of "PREVAGEN®" products without single facing box packaging or a product information sheet.

18. Defendants are not authorized dealers of Plaintiff's PREVAGEN® products.

19. Upon information and belief, Defendant had knowledge of Quincy' prior use and registration of the PREVAGEN® trademark, and acted willfully and with intent to deceive consumers in its adoption and use of the PREVAGEN® mark.

## COUNT I
## TRADEMARK INFRINGEMENT
**(15 U.S.C. § 1114)**

20. Plaintiff repeats and re-alleges the foregoing paragraphs above as if fully set forth herein.

21. Defendants are using Plaintiff's registered PREVAGEN® trademark in interstate commerce in connection with Defendants Advanced Vites' dietary supplement products.

22. Defendants' use of the PREVAGEN® mark is without Plaintiff's consent.

23. Plaintiff has used the PREVAGEN® trademark in connection with dietary supplements since long prior to Defendant Advanced Vites' first use thereof.22. The missing front facing box packaging, product information sheet, and money-back guarantee in Defendant

4

Advanced Vites' product each represent a material difference between Plaintiff's PREVAGEN® products and Defendant Advanced Vites' products.

24. Defendants' use of the PREVAGEN® mark in connection with dietary and nutritional supplements is likely to cause confusion or mistake among consumers, or to deceive consumers as to the source of such goods or as to an affiliation between Plaintiff and Defendant Advanced Vites, in violation of 15 U.S.C. § 1114(1).

25. Defendants have acted with actual or constructive knowledge of Plaintiff's trademarks and registrations, and upon information and belief, with deliberate intention to confuse consumers, or willful blindness to Plaintiff's rights.

26. The aforementioned actions and activities of Defendants have caused and will continue to cause damage and irreparable harm and injury to Plaintiff unless and until such time as they are enjoined by this Court.

27. Upon information and belief, Defendants intend to continue their infringing acts, unless restrained by this Court.

28. Upon information and belief, Defendants have made or will continue to make substantial profits and/or gains to which they are not in law or equity entitled.

29. By reason of the foregoing, Plaintiff has been and will continue to be irreparably harmed and damaged. Plaintiff's remedies at law are inadequate to compensate for this harm and damage.

## COUNT II
## FALSE DESIGNATION OF ORIGIN AND UNFAIR COMPETITION
## (15 U.S.C. § 1125(a))

30. Plaintiff repeats and re-alleges the foregoing paragraphs above as if fully set forth herein.

31. Defendants' use of the PREVAGEN® mark which is identical or confusingly similar to Quincy' PREVAGEN® mark is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendant Advanced Vites with Quincy, or as to the origin, sponsorship, or approval of Defendant Advanced Vites' goods, services, or commercial activities by Quincy.

32. Defendants' actions, as set forth, constitute false designation of origin and unfair competition in violation of the Lanham Act, 15 U.S.C. § 1125(a).

33. Upon information and belief, Defendant have made and will continue to make substantial profits and/or gains to which they are not in law or equity entitled.

34. Upon information and belief, Defendants intend to continue its infringing acts, unless restrained by this Court.

35. By reason of the foregoing, Plaintiff has been and will continue to be irreparably harmed and damaged. Plaintiff's remedies at law are inadequate to compensate for this harm and damage.

## COUNT III
## DILUTION (ILLINOIS TRADEMARK REGISTRATION AND
## PROTECTION ACT 765 ILCS 1036

36. Plaintiff repeats and re-alleges the foregoing paragraphs above as if fully set forth herein.

37. Plaintiff's PREVAGEN® mark is famous.

6

38. Defendants' use of the PREVAGEN® mark commenced after Plaintiff's PREVAGEN® mark became famous.

39. Defendant Advanced Vites has used the PREVAGEN® mark in commerce.

40. Defendants' wrongful acts, as detailed above, dilute the distinctive quality of Plaintiff's distinctive PREVAGEN® and are likely to injure Plaintiff's business reputation, in violation of Section 765 ILCS 1036/65.

41. By reason of the foregoing, Plaintiff has been and will continue to be irreparably harmed and damaged. Plaintiff's remedies at law are inadequate to compensate for this harm and damage.

## COUNT IV
## UNFAIR COMPETITION
### Illinois Common Law

42. Plaintiff repeats and re-alleges the foregoing paragraphs above as if fully set forth herein.

43. This is a claim against Defendants for unfair competition under the common law of the State of Illinois.

44. Defendants' use of Quincy's PREVAGEN® mark is likely to and does permit Defendants to pass off Advanced Vites products as those of Quincy, all to the detriment of Quincy and the unjust enrichment of Defendants.

45. Defendants' unauthorized use of the PREVAGEN® mark has caused and is likely to continue to cause damage to Quincy's valuable reputation and image associated with Quincy and its PREVAGEN® product. Defendants have passed off its goods as those of Quincy by Defendants' misrepresentations to the public, members of which are likely to believe that Defendant's goods and the products they advertise emanate from, or are associated with, Quincy.

46. By reason of the foregoing, Defendants are liable to Plaintiff for compensatory damages and/or Defendants' illicit profits.

## COUNT V
## ILLINOIS UNIFORM DECEPTIVE TRADE PRACTICES ACT
## 815 ILCS 510

47. Plaintiff repeats and re-alleges the foregoing paragraphs above as if fully set forth herein.

48. Plaintiff has suffered, and continue to suffer, actual injury in fact due to the deliberate acts of infringement by Defendants without regard to Plaintiff's legal, contractual, and exclusive proprietary rights.

49. Defendants knowing acts and practices as detailed above constitute acts of unlawful, unfair or deceptive business acts and practices that have a substantial likelihood of consumer confusion within the meaning of Illinoi's Uniform Deceptive Trade Practices Act 815 ILCS 510/2. Defendants have engaged in transactions that are in violation of numerous provisions of Illinois law.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment against Defendant as follows:

A. That Defendants and their agents, servants, employees, and attorneys and those persons in active concert or participation with or controlled by them be preliminarily and permanently enjoined from:

i. Using the PREVAGEN® mark;

      ii.    Using any mark or symbol that may be calculated to represent, or which has the effect of representing, that the services or products of Defendants are sponsored by, authorized by, or in any way associated with Plaintiffs;

      iii.    Falsely representing that Defendants are associated with or sponsored by Plaintiff or engaging in any act which is likely to cause the trade or purchasing public to believe that Defendants are in any way associated with or sponsored by Plaintiff; and

      iv.    That Defendants be required to account to Plaintiff for any profits derived by it and for damages sustained by Plaintiff by reason of the acts of trademark infringement, dilution, deceptive and unfair trade practices, and unfair competition complained of herein.

B.    That judgment be entered against Defendants for:

      i.    Plaintiff's damages and Defendants' profits; statutory damages; treble damages or profits, whichever are greater; prejudgment interest; and attorneys' fees pursuant to the Lanham Act for Defendants' willful infringement and dilution of Plaintiff's marks; and

      ii.    That Defendants be required to pay to Plaintiff the costs of this action.

C.    That this Court grant to Plaintiff any further relief deemed just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff respectfully demands a trial by jury in this action under Rule 38 of the Federal Rules of Civil Procedure.

Dated: April 4, 2017.  Respectfully submitted,


By: _/s/ Sanjay S. Karnik_____
Ryan M. Kaiser
Illinois Reg. No. 6289873
Jonathan J. Krit
Illinois Reg. No. 6201473
Sanjay S. Karnik
Illinois Reg. No. 6300156
AMIN TALATI UPADHYE, LLP
100 S. Wacker Dr., Suite 2000
Chicago, IL 60606
Telephone: (312) 327-3328
Facsimile: (312) 884-7352

Attorneys for Plaintiff
Quincy Bioscience, LLC